**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ARTHUR D. DeCESARE,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:10cv244-SPM/WCS**

**STATE OF FLORIDA
DEPARTMENT OF MANAGEMENT
SERVICES, DIVISION OF RETIREMENT,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on June 9, 2010, by filing a complaint. Doc. 1. Plaintiff indicates on the complaint that it is a "criminal complaint" and that it is brought by the United States of America. *Id.* An individual cannot initiate criminal proceedings in a federal court. Nevertheless, Plaintiff asserts that the Defendant violated his civil rights and, thus, the complaint is construed as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that he has been seeking his State of Florida disability retirement for sixteen years. Doc. 1. Plaintiff complains that others who "are unemployable due to

in the line of duty disability have received their Disability retirement." *Id.* Plaintiff believes he has been discriminated against because he has not been awarded disability retirement.

Plaintiff was told as of October 19, 1999, that he could "apply for in-line-of-duty disability retirement," which did not require ten years of service. Doc. 1, p. 4. Plaintiff appealed the denial by the State Retirement Director of Plaintiff's "application for total and permanent disability and in line of duty retirement benefits." *Id.*, at 5. The State Retirement Commission held a hearing on Plaintiff's appeal on August 19, 2002, and, on September 8, 2002, ruled that in part Plaintiff could not receive disability benefits because he did not "have ten years of credible service." *Id.*, at 5-6. It also determined that Plaintiff did not qualify for disability benefits because he did not have total and permanent disability and "could perform another line of work." *Id.*, at 6. The order advised Plaintiff that he could appeal to the District Court of Appeal. *Id.*, at 8. None of the attachments show that Plaintiff filed an appeal.

Therefore, Plaintiff's federal claims, if any, are time barred. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are barred by the statute of

limitations and must be dismissed. Plaintiff was denied relief by the State over eight years ago. Plaintiff's claims are barred.

Furthermore, even if Plaintiff's claims were not barred by the statute of limitations, Plaintiff provides no allegations of fact to show a violation of the Equal Protection Clause. Plaintiff does not allege sufficient facts to show that he was discriminated against because of his race, gender, age, or any other constitutionally protected status. This court has no jurisdiction over state law claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** because it is barred by the statute of limitations and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on August 13, 2010.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**